**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**JACK EARL VANCE,**

      **Petitioner,**

**v.**                                                      **Civil Action No.: 2:09cv104
Criminal Action No.: 2:05cr43
(Judge Maxwell)**

**UNITED STATES OF AMERICA,**

      **Respondent.**

**REPORT AND RECOMMENDATION
THAT §2255 MOTION BE DENIED**

**I. INTRODUCTION**

On August 28, 2009, *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. (Doc. No. 177). Petitioner did not file a memorandum in support of his motion. The Government filed its Response on October 6, 2009. (Doc. No. 187). Despite having been granted an extension of time in which to reply (Doc. No. 190) the petitioner did not file a reply to the Government's Response.

**II. FACTS**

**A.**     **Conviction and Sentence**

The petitioner was named in both counts of a two count indictment filed on October 18, 2005 in the Northern District of West Virginia. In Count 1, the petitioner was charged with traveling in interstate commerce to engage in a sexual act with a juvenile, in violation of 18 U.S.C. Section 2423 (b), and in Count 2 with transportation of a minor in interstate commerce with intent to engage in

1

criminal sexual activity, in violation of 18 U. S. C. § 2423 (a). On February 28, 2007, the petitioner was found guilty of both counts.

On August 6, 2007, the petitioner appeared before the Court for sentencing. After considering several factors, including the circumstances of both the crime and the defendant, and the sentencing objectives of punishment, the Court sentenced the petitioner to a term of 87 months imprisonment on each count, to run concurrently, followed by five years of supervised release on each count, to run concurrently, and payment of a mandatory special assessment of $200, $100 for each of both Counts.

**B.** **Direct Appeal**

The petitioner filed a direct appeal of his conviction sentence via an *Anders* brief to the Fourth Circuit Court of Appeals on August 8, 2007. As grounds therein, the petitioner asserted the following:

(1) the District Court erred in prohibiting the defense from introducing evidence to establish that the victim purchased a pregnancy test while in Harrisonburg, VA;

(2) the District Court erred in denying the petitioner's motions for appointment of a new attorney;

(3) the District Court erred when it failed to order West Virginia's Department of Corrections to provide him with certain medical treatment;

(4) the audiotape recording of a telephone conversation between the petitioner and the victim was illegally obtained because the recording device was not properly registered;

(5) trial counsel provided ineffective assistance; and

(6) the West Virginia State Police threatened various witnesses in the case.

On August 1, 2008, in an unpublished *per curiam* opinion, the Fourth Circuit Court of Appeals affirmed the petitioner's conviction and sentence. (Dkt. # 172). Petitioner did not file a petition for a writ of *certiorari* with the United States Supreme Court.

## C. **Federal Habeas Corpus**

**Petitioners' Contentions (Dkt.# 177)**

In his federal habeas petition, the petitioner raises the following issues, reorganized here for the sake of clarity:

(1) ineffective assistance of counsel prior to, at, and post trial because counsel:

    (a) failed to cross-examine the victim adequately;

    (b) failed to introduce and exclude certain evidence;

    (c) failed to impeach a Government witness;

    (d) failed to pursue certain defense strategies;

    (e) violated petitioner's Fifth Amendment rights by failing to call certain witnesses to testify; and

    (f) refused to appeal the denial of petitioner's bond.

(2) ineffective assistance of appellate counsel for:

    (a) filing an *Anders* brief without the petitioner's knowledge or consent; and

    (b) failing to inform the petitioner of his right to rehearing before the Fourth Circuit Court of Appeals.

(3) Multiple instances of various types of prosecutorial misconduct, including intimidating witnesses.

The petitioner contends that as cause for his failure to raise any of these issues on direct appeal, both his trial and appellate counsel were ineffective and the issues with appellate counsel were not ripe.

**Government's Response (Dkt.# 187)**

The Government asserts that the petitioner's claims are defeated because:

(1) the petitioner's claim that trial counsel did not cross-examine the victim adequately is incorrect;

(2) the petitioner's claim that counsel failed to pursue plausible defenses is without merit;

(3) the petitioner's claim that appellate counsel did not communicate with him about *Anders* brief is false because appellate counsel sent a letter to Petitioner regarding the *Anders* brief and;

(4) the petitioner's claim of prosecutorial misconduct is only conclusory and lacks any evidence to support it.

**D.    Recommendation**

Based upon a review of the record, the undersigned recommends that the petitioner's § 2255 motion be denied and dismissed from the docket because the petitioner's claims are without merit.

### III. ANALYSIS

**A.    Petitioner's Burden of Proof**

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires

the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States of America, 2006 WL 36859 *2 (E.D.Va. Jan. 4, 2006).

**B.   Procedural Default**

Before evaluating the merits of Petitioner's claims, the Court must determine which of Petitioner's issues he may bring in his § 2255 motion and which are procedurally barred.

It is well settled that issues previously rejected on direct appeal may not be raised in a collateral attack. Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir. 1976). Constitutional errors that were capable of being raised on direct appeal but were not may be raised in a § 2255 motion so long as the petitioner demonstrates 1) "cause" that excuses his procedural default, and 2) "actual prejudice" resulting from the alleged error. United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994). Claims of ineffective assistance of counsel not raised on direct appeal and raised on collateral attack do not require a "cause and prejudice" showing because these claims are more appropriately raised on collateral attack than on direct appeal. See United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096 (2000); White v. United States, 2006 U.S. Dist. LEXIS 45122, at *7-8 (S.D. W.Va. June 20, 2006).

In this case, the petitioner's Ground Three claim that prosecutorial misconduct occurred when witnesses were threatened is procedurally barred because it was raised and rejected as being without merit by the Fourth Circuit Court of Appeals. Issues already raised and decided on direct appeal cannot therefore be reconsidered, absent a showing of a change in the law. Davis v. United States, 417 U.S. 333 (1974); Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir. 1976). Because the petitioner has failed to make the requisite showing, these claims should be denied.

5

"[A] final judgment commands respect. For this reason, we have long and consistently affirmed that a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982). Therefore, the failure to raise a claim on direct appeal may result in a procedural default barring collateral review. Bousley v. United States, 523 U.S. 614 (1998).

"In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 490, 492-493 (4th Cir. 1999). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." Id. Actual prejudice is then shown by demonstrating that the error worked to the petitioner's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)).

"In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence." Mikalajunas, 186 F.3d at 493. "Typically, to establish actual innocence, a the petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent." Id. at 494. The petitioner must show that "it is more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298 (1995).

6

The petitioner's other Ground Three claim of prosecutorial misconduct for the Assistant U.S. Attorney's ("AUSA"): concealing DNA evidence before trial; misstating facts related to a missed hearing; unspecified documents were found and submitted by the victim's mother; misleading the Court into believing that the victim cooperated with the police; claiming that there was no objection to the admission of unspecified recordings; an unclear issue related to Petitioner's bond; and an apparently disputed allegation over a voice recording allegedly made of a conversation between petitioner and the victim, in addition to being so incoherently-stated that they are impossible to respond to, are all procedurally barred as they could have been, but were not raised on direct appeal.

Habeas petitions must meet heightened pleading requirements. McFarland v. Scott, 512 U.S. 849, 856 (1994). The petitioner must come forward with some evidence that the claim might have merit. Nickerson v. Lee, 971 F. 2d 1125, 1136 (4th Cir. 1992), *cert. denied*, 507 U.S. 923 (1993), *abrogation on other grounds recognized*, Yeatts v. Angelone, 166 F. 2d 255 (4th Cir. 1999). Allegations amounting to nothing more than conclusions provide no basis for an evidentiary hearing. Here, petitioner's claims are so insufficiently pled, they are nothing more than a laundry list of conclusory allegations with no argument in support, providing no specifics to form a basis for the Court to grant an evidentiary hearing. Petitioner has included no information regarding any of these issues as to how they might have affected the outcome of his case. Petitioner has not shown that any prosecutorial misconduct occurred at all, nor has he even attempted to show cause to excuse his failure to raise these issues on appeal. Since he has not shown cause, he cannot show prejudice. Nor can he demonstrate that a miscarriage of justice would result from the refusal of the court to entertain these claims on collateral review. These claims should be denied.

Thus, petitioner's only reviewable claims are Ground One and Two, which are ineffective assistance of trial and appellate counsel.

C.  **Ineffective Assistance of Counsel**

**Ground 1:  Whether Petitioner's Trial Counsel was Ineffective.**

Petitioner argues that trial counsel was ineffective "prior to, at and post-plea; prior to, at and post-trial; and prior to, at and post-sentencing," because counsel failed to introduce and exclude certain evidence, failed to object to certain statements made by the victim and to cross-examine her adequately, failed to impeach a Government witness, failed to pursue certain defense strategies, violated his 5th Amendment rights by failing to call certain witnesses to testify at trial, and failed to appeal the denial of his bond.

Claims of ineffective assistance of counsel are measured under a two-part analysis outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984).  First, the petitioner must show that his counsel's performance fell below an objective standard of reasonableness. Id. at 688. In reviewing claims of ineffective assistance of counsel, "judicial scrutiny of counsel's performance must be highly deferential," and the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 689-90. Second, the petitioner must demonstrate he was prejudiced by counsel's performance.  In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.  If the defendant shows no prejudice from the alleged ineffectiveness of counsel, courts need

not address counsel's performance. Fields v. Att'y Gen. of Maryland, 956 F.2d 1290, 1297 (4th Cir.), cert. denied, 506 U.S. 885 (1992).

Petitioner's claim that counsel was ineffective "prior to, at and post-plea" is unclear. Since petitioner never entered a plea at any time, this claim, in addition to being insufficiently pled, is unsupported by the record and therefore cannot be addressed. This claim should be denied.

Petitioner's claim that counsel was ineffective "prior to, at and post-trial" and "prior to, at and post-sentencing" will be addressed as one allegation because the issues are essentially the same. Petitioner alleges that counsel failed to introduce and exclude certain DNA and voice recording evidence; failed to object to certain statements made by the victim and to cross-examine her adequately; failed to impeach a Government witness; violated the petitioner's Fifth Amendment rights by failing to call certain purportedly helpful witnesses to testify on his behalf at trial;[1] failed to pursue certain defense strategies; and failed to appeal the denial of petitioner's bond. All of petitioner's allegations of trial counsel's ineffectiveness are insufficiently pled, vague and conclusory; they are a mere recitation of a list of claims with no argument in support. Petitioner does not explain what DNA evidence he is referring to or how it could have affected his case; offers no information to explain what the voice recording contained or why it should not have been

---

[1] Petitioner's § 2255 motion lists Erica Abrogast, Linda Walton, Sarah Mullenax, Mark Walton, Jornett Crites, Crystal Vance, Nolini Shah, and the victim herself as witnesses that trial counsel "failed to interview, depose and examine under oath." Petitioner's Anders brief to the 4th Circuit Court of Appeals lists this same complaint by petitioner, with the same list of names, minus Nolini Shah and the victim, but including "defendant's private investigator" and "possibly others." Appellate counsel stated that **" [t] there was no evidence that the testimony of these witnesses would have been helpful to the defense.** Defendant's investigator indicated that the subject witnesses would not have testified favorably to the defense." ((Corrected) Brief of Appellant at 6-7, United States v. Vance, (4th Cir. 2008) (No. 07-4785) (emphasis added). Finally, a review of the record reveals that four of the witnesses that petitioner complains were not called on his behalf did actually testify at trial as Government witnesses, and defense counsel had the opportunity to cross-examine them: Sarah Mullenax (petitioner's grandmother), Linda Walton (petitioner's mother), Nolini Shah (the desk clerk at the motel where petitioner stayed with the victim after crossing state lines), and the victim herself. Their testimony was not helpful to petitioner's version of the events.

9

admitted;[2] failed to explain what the evidence was that his counsel could have used to impeach the Government's witness Stricklin; fails to explain which of his medical records he alleges trial counsel obtained and purportedly lied about, or what their relevance to his case was; and he offers no information about counsel's alleged failure to appeal the denial of bond other than the bare allegation that counsel failed to appeal it.[3] He contends generally that counsel did not perform an effective cross exam of the victim or object when she allegedly repeatedly perjured herself. A review of the trial transcript reveals that counsel conducted a vigorous cross exam of the victim and the issue of her inconsistent stories was raised repeatedly, not only through the victim herself, but also through cross examination of various other government witnesses, and then counsel summarized it in his closing argument. Petitioner's claims are vague, insufficiently pled, unsupported by the record and lack merit. Further, petitioner has not demonstrated that counsel's performance fell below an objective standard of reasonableness or that he was prejudiced by anything counsel did or did not do, let alone show that had counsel done anything otherwise, that the result of the proceeding would have been any different. Because petitioner fails to make the requisite showing that his counsel's performance fell below an objective standard of reasonableness and prejudice, or that a fundamental miscarriage of justice would occur if his claims were not considered on the merits, he cannot prove either prong of the Strickland analysis. He has failed to

---

[2] Further, petitioner has already raised the issue of the voice recording being "illegally obtained because the recording device was not properly registered" on appeals, *sans* the "ineffective assistance of counsel" label, and the Fourth Circuit Court of Appeals rejected it out of hand, saying "[t]here is simply no basis in the record to support this contention. Vance did not object to the proffer of the recording or present any evidence to demonstrate the recording device was used improperly." United States v. Vance, 290 Fed. Appx. 532, 533, 2008 U.S. App. LEXIS 16590 (4th Cir. 2008) (No. 07-4785) (emphasis added).

[3] Presumably, from a review of the record, petitioner is referring to his bond on the state court charges, which was revoked after he violated its terms and had further contact with the 15-year old victim when he was prohibited from doing so. Petitioner not only had telephone contact with the victim, but he then met with her, took her across state lines, and had sex with her, giving rise to these federal charges.

prove his ineffective assistance of counsel claim by the preponderance of evidence required and these claims should be denied.

**Ground 2: Whether Appellate Counsel Rendered Ineffective Assistance.**

The petitioner alleges that appellate counsel filed an *Anders* brief without his knowledge or consent,[4] and then, when his appeal was denied, did not inform him of his right to a rehearing before the Fourth Circuit Court of Appeals.

The standard of effective assistance of appellate counsel is the same as for trial counsel. See Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) ("In order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, the applicant must normally demonstrate (1) that his counsel's performance fell below an objective standard of reasonableness in light of the prevailing norms, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.") (internal citations and quotations omitted). On review, however, appellate counsel is accorded the "presumption that he decided which issues were most likely to afford relief on appeal." Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993). Moreover, "[c]ounsel is not obligated to assert all nonfrivolous issues

---

[4] Petitioner, apparently misunderstanding the role of appellate counsel vs. that of trial counsel, also alleged that appellate counsel failed to interview witnesses and aggressively pursue defense strategies on his behalf. To the extent that petitioner was attempting to argue that appellate counsel should have done so, these claims should be denied, as appellate counsel's role is to review the trial record for errors of law, fact, or procedure, not mount a vigorous defense as would defense counsel for trial. Thus, the fact that appellate counsel failed to interview witnesses or exclude evidence are not appropriate issues for an ineffective assistance of appellate counsel claim. To the extent that petitioner was attempting to argue that appellate counsel did not raise the issues of *trial* counsel's failing to interview witnesses and excluding certain evidence in his *Anders* brief, appellate counsel did raise those issues, and they were rejected by the Fourth Circuit. Further, petitioner's *Anders* appellate brief stated that there was no evidence that the testimony of the witnesses petitioner wanted called would have been helpful to his defense. Finally, there was no evidence offered by any witness refuting the essential facts of the charges in the indictment: that petitioner transported the minor victim across state lines to engage in a sexual act, or that the petitioner and the victim did in fact have sexual relations during the out-of-state subject visit. As to the petitioner's assertion that audio recording of his telephone conversation with the victim was obtained illegally, appellate counsel did raise that issue directly on appeal and it was also rejected as lacking merit.

on appeal. Bell v. Jarvis, 236 F.3d at 164. Instead, "[t]here can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review." Jones v. Barnes, 463 U.S. 745, 752 (1983); see also Smith v. South Carolina, 882 F.2d 895, 899 (4th Cir. 1989). "Indeed, winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the landmark of effective advocacy." Bell v. Jarvis, 236 F.3d at 164 (quoting Smith v. Murray, 477 U.S. 527, 536 (1986) (internal quotations omitted). However, although it is "still possible to bring a Strickland claim based on counsel's failure to raise a particular claim" on direct appeal, demonstrating that counsel was incompetent for failing to do so will be difficult. Smith v. Robbins, 528 U.S. 259, 288 (2000). "Generally only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986).

As for petitioner's claim that appellate counsel filed an *Anders* brief without his knowledge or consent, in order to fulfill the constitutional requirement of "substantial equality and fair process," counsel must act as an advocate for his client by supporting his appeal "to the best of his ability." Anders v. State of California, 386 U.S. 738, 744 (1967). However, if after careful examination counsel finds his client's case frivolous, he should inform the court and request to withdraw in addition to a brief referring to anything in the record that may support the appeal. Id. The client will also receive a copy of counsel's brief and will have the opportunity to address any points he chooses. Counsel will submit his brief to the court and the client will submit his *pro se* supplemental brief if he has written one. The court will evaluate the record to decide whether or not the case is frivolous,

and if found to be frivolous, the court may "grant counsel's request to withdraw and dismiss the appeal." Id.

Here, appellate counsel did inform petitioner about the *Anders* brief, in a January 21, 2008 letter (4th Cir. Dkt. # 30) (07-4785), explaining petitioner's rights and advising the petitioner of his right to file his own *pro se* supplemental brief in addition to the *Anders* brief. If petitioner had chosen to do so, he could have raised additional issues for appeal by filing the *pro se* supplemental brief. However, for whatever reason, the petitioner opted not to do so. After reviewing appellate counsel's *Anders* brief, the Fourth Circuit Court of Appeals affirmed the District Court's judgment, finding that there were no meritorious issues for appeal. Had the Court of Appeals found legal points arguable on their merits, it would have provided the petitioner the assistance of counsel to argue the appeal.

Petitioner has not shown that appellate counsel's performance fell below an objective standard of reasonableness in light of the prevailing norms, let alone that there was a reasonable probability that, assuming *arguendo*, but for counsel's unprofessional errors, the result of the proceeding would have been any different. Petitioner fails to identify what specific meritorious issue counsel should have raised but did not, nor has he alleged that there was any ignored issue stronger than those already raised in the *Anders* brief, to overcome the presumption of effective assistance of counsel. Petitioner has failed in his burden of proof. Further, this claim lacks merit and should be denied.

Petitioner's next claim that appellate counsel failed to inform him of his right to re-hearing after his conviction and sentence were affirmed by the Fourth Circuit also must fail. Under the circumstances, it is understandable why appellate counsel did not pursue re-hearing in this case; it

13

would have been futile, it would not have benefitted petitioner in any way and it would have wasted the Court's time. Counsel has no obligation to make meritless, frivolous arguments. The evidence against petitioner was overwhelming and there was no error. Clearly the Fourth Circuit Court of Appeals agreed: "[w] e have reviewed the record and Vance's contentions and, finding no error, we affirm." United States v. Vance, No. 07-4785, 290 Fed. Appx. 532, 2008 U.S. App. LEXIS 16590 (4th Cir., August 1, 2008) (*per curiam*). Petitioner's rights for further appellate review were not denied. The Fourth Circuit's opinion, which he received a copy of, clearly states that

> We require that counsel inform Vance, in writing, of the right to petition the Supreme Court…for further review. If Vance requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Vance. We dispense with oral argument because the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid in the decisional process.

U.S. v. Vance, *supra* at 7.

Appellate counsel did inform petitioner about his right to petition for a writ of *certiorari*. In his Motion to Withdraw (4th Cir. Dkt. # 41) (07-4785) and his Amended Motion to Withdraw (4th Cir. Dkt. # 43) (07-4785), appellate counsel advised petitioner that he was sending him a copy of the 4th Circuit's judgment, notice of judgment, and opinion received on August 1, 2008 and immediately forwarded to petitioner the same day. Further, in those motions, appellate counsel noted that petitioner had advised by phone on August 14, 2008 that he wished to petition the U.S. Supreme Court for a writ of *certiorari*,[5] that counsel discussed those matters with him and informed petitioner that he would move to withdraw because he believed that filing such a petition would be frivolous. Petitioner was served with a copy of the motion to withdraw, and in the amended motion

---

[5] For whatever reason, petitioner did not file a petition for writ of *certiorari*.

to withdraw filed on August 18, 2008, was advised that he had seven days in which to file a response. Petitioner did not respond. Clearly, appellate counsel kept petitioner apprised of his rights for additional appeal. This claim also lacks merit and should be denied.

**D. Request for Vacation of Conviction, Evidentiary Hearing, and Retrial with Excluded Evidence**

Upon review of the file, the undersigned has concluded that the issues in this matter are not complex and that this matter does not require an evidentiary hearing. Accordingly, Petitioner's request for an evidentiary hearing should be **DENIED**. Further, Petitioner's request for the vacation of his conviction and for retrial with excluded evidence should be **DENIED** as moot.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petitioner's §2255 motion be **DENIED** and dismissed with prejudice from the docket.

Within **fourteen (14)** days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b) (1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* the petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: June 25, 2010

       /s/ James E. Seibert
      JAMES E. SEIBERT
      UNITED STATES MAGISTRATE JUDGE