# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JACK EARL VANCE,**

      **Petitioner,**

**v.**                                                **Civil Action No. 2:14cv8**
                                                 **Criminal Action No. 2:05cr43**
                                                 **(Judge Bailey)**

**UNITED STATES OF AMERICA,**

      **Respondent.**

## REPORT AND RECOMMENDATION

On January 21, 2014, the *pro se* petitioner filed a Motion to Vacate under 28 U.S.C. § 2255. On January 29, 2014, he was sent a Notice of Deficient pleading. On April 11, 2014, the petitioner filed his Motion on this Court's approved form. In his Motion, the petitioner alleges, among other things, that the AUSA who handled his case "broke the law." Therefore, the petitioner requests that his case be reopened, that he be appointed counsel, and his conviction be overturned.

## I. Factual and Procedural History

### A. Conviction and Sentence

The petitioner was named in both Counts of a two Count indictment filed on October 18, 2005, in the Northern District of West Virginia. In Count One, the petitioner was charged with traveling in interstate commerce to engage in a sexual act with a juvenile, in violation of 18 U.S.C. § 2423 (b), and in Count Two with transportation of the minor in interstate commerce with intent to engage in criminal sexual activity, in violation of 18 U.S.C.§ 2423(a). On February 28, 2007, the petitioner was found guilty of both counts.

On August 6, 2007, the petitioner appeared before the Court for sentencing. After considering several factors, including the circumstances of both the crime and the defendant, and

the sentencing objectives of punishment, the Court sentenced the petitioner to a term of 87 months imprisonment on each count, to run concurrently, followed by 5 years of supervised release on each count, to run concurrently, and payment of a mandatory special assessment of $200, $100 for each of both Counts.

### B. Direct Appeal

The petitioner filed a direct appeal of his conviction and sentence via an <u>Anders</u> brief to the Fourth Circuit Court of Appeals on August 8, 2007. As grounds therein, the petitioner asserted the following:

(1) the District Court here erred in prohibiting the defendants from introducing evidence to establish that the victim purchased a pregnancy test while in Harrisonburg, Virginia;

(2) the District court aired in denying the petitioner's motions for appointment of a new attorney;

(3) the District Court erred when it failed to order West Virginia's Department of Corrections to provide him with certain medical treatment;

(4) the audiotape recording of a telephone conversation between the petitioner and the victim was a legally obtained because the recording device was not properly registered;

(5) trial counsel provided ineffective assistance; and

(6) the West Virginia State Police threatened various witnesses in the case.

On August 1, 2008, in an unpublished *per curiam* opinion, the Fourth Circuit Court of Appeals affirmed the petitioner's conviction and sentence. (ECF No. 172). The petitioner did not file for a writ of *certiorari* with the United States Supreme Court.

### C. Petitioner's First Federal Habeas Corpus

On August 28, 2009, the petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255. In that motion, the petitioner set forth the following grounds for relief:

(1) Ineffective assistance of counsel prior to, and, and post trial because counsel:

    (a) failed to cross-examine the victim adequately;

    (b) failed to introduce and exclude certain evidence;

    (c) failed to impeach a Government witness;

    (d) failed to pursue certain defense strategies;

    (e) violated petitioner's 5th Amendment rights by failing to call certain witnesses to testify; and

    (f) refused to appeal the denial of petitioner's bond.

(2) ineffective assistance of appellate counsel for:

    (a) filing an Anders brief without the petitioner's knowledge or consent; and

(3) multiple instances of various types of prosecutorial misconduct, including intimidating witnesses.

After the issues had been fully briefed, the undersigned issued a Report and Recommendation ("R&R") recommending that the petitioner's § 2255 motion be dismissed on the merits. After a thorough review of the petitioner's claims, the R&R was adopted by the district judge on August 6, 2010, and the petitioner's § 2255 motion was denied on the merits. It does not appear that the petitioner appealed this decision

## C. Petitioners' Second Federal Habeas Corpus

In the instant action, the petitioner raises the following claims for relief:

(1) the AUSA made false and misleading statements to the Court and jury;

(2) illegal wiretapping; and

(3) prosecutorial misconduct.

## II. Analysis

Regarding a second or successive federal habeas corpus, 28 U.S.C. § 2255 states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

In order for a petition to be considered successive, the first petition must have been dismissed on the merits. Harvey v. Horan, 278 F. 3d 370 (4th Cir. 2002). Here, the petitioner's first § 2255 motion was clearly dismissed on the merits. Thus, the undersigned finds that the current § 2255 motion is a second or successive motion and that the petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file a successive § 2255 motion in this Court. Accordingly, pursuant to 28 U.S.C. § 2244 and 28 U.S.C. § 2255, this Court is without authority to hear Petitioner's second federal habeas petition. See United States v. Winestock 340 F.3d 200, 207 (4th Cir. 2003).

### III. Recommendation

For the foregoing reasons, the undersigned recommends that the petition (ECF. No. 211) be **DENIED** and **DISMISSED with prejudice** as an unauthorized second or successive petition. The undersigned further recommends that the petitioner's Motion for Investigation (ECF No. 229) be **DENIED AS MOOT**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk written objections identifying the portions of the Recommendation to which objection is made and the basis for such objections. A copy of such objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file

objections to the Recommendation set forth above will result in the waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and any counsel of record by electronic means.

DATED: April 16, 2014.

      /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE